IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY DELMAR SMITH, #36307-177, ) | | |
|       Plaintiff, ) | | |
| ) | | |
| v. ) | 3:08-CV-1562-N | |
| ) | | |
| WELLS FARGO BANK OF TEXAS, ) | | |
|       Defendant. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil action brought by a federal inmate.

Parties: Plaintiff Corey Delmar Smith ("Smith") is presently incarcerated at the Federal Correction Institution in Seagoville, Texas.[1]

The sole Defendant is Wells Fargo Bank of Texas. The court has not issued process in this case, pending preliminary screening.

Statement of Case: The complaint alleges Wells Fargo Bank, Fraud Department, violated

---

[1] Plaintiff was indicted in this court for possession of stolen mail, bank fraud, and conspiracy to commit those offenses. *See United States v. Smith*, 3:07cr135-B(04) (N.D. Tex. Apr. 25, 2007). On May 27, 2008, following a plea of guilty to bank fraud, the trial court sentenced Plaintiff to thirty-three months imprisonment, a three-year term of supervised release, and restitution in the amount of $69,127.22. *Id.* A direct appeal is presently pending before the Fifth Circuit Court of Appeals. *See* No. 08-10519.

Plaintiff's "right to Financial Privacy [under the] Act of 1978. Banks and Banking (Key) 151." (Complaint at 2). The complaint alleges that the Wells Fargo Bank Fraud Department provided Postal Inspector Jeff Krafels with copies of Smith's personal and business bank statements after Smith refused "to interview with Inspector Krafels on or about October 18, 2006." In this action, Plaintiff seeks monetary relief for each day that he has been incarcerated.[2]

<u>Findings and Conclusions</u>: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court. Section 1915(e)(2)(B) provides in pertinent parts as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact.*" Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, ___, 127 S. Ct. 1955, 1968-69 (2007).

Liberally construed the complaint seeks damages from the Wells Fargo Bank for

---

[2] In passing, Smith alleges that he was malicious arrested by Krafels based upon the information provided by the bank. Regardless of his characterization, it is clear that he was arrested on May 10, 2007, following the issuance of a warrant for his arrest on April 25, 2007, upon the grand jury's return of a bill of indictment against Smith and others. *See United States v. Smith*, No. 3:07cr135-B(04). *See also Smith v. Gonzales,* 670 F.2d 522, 526 (5th Cir. 1982) (where an arrest is made under authority of a properly issued warrant, the arrest is not unconstitutional, and complaint based on such an arrest fails to state a claim).

violation of the Right to Financial Privacy Act of 1978. *See* 12 U.S.C. §§ 3401-3422. The RFPA seeks to strike a balance between customers' right of privacy and the need of law enforcement agencies to obtain financial records pursuant to legitimate investigations. On the one hand, § 3402 prohibits a government agency from obtaining access to a financial institution's customer's financial records unless "such customer has authorized such disclosure in accordance with section 3404 of this title." On the other hand, § 3402 identifies specific sections of the Act – including § 3413 -- which do not require authorization from a financial institution's customer before a government agency can obtain records of the customer. Section 3413(i) excludes from § 3402(1)'s notice requirement financial records sought pursuant to a grand jury subpoena or court order issued in connections with proceedings before a grand jury.[3]

Although the Supreme Court dealt with a motion to dismiss pursuant to 12(b)(6) in the *Twombly* case, the standard to be applied in screening a *pro se* complaint in which the plaintiff is proceeding *in forma pauperis* is no less stringent than the standard articulated by the Court in *Neitzke*, *supra*. This court is mindful that the bank fraud for which Smith stands convicted was

---

[3] 12 U.S.C. § 3413(i) provides as follows:

Nothing in this chapter (except section 3415 and 3420 of this title) shall apply to any subpoena or court order issued in connection with proceedings before a grand jury, except that a court shall have authority to order a financial institution, on which a grand jury subpoena for customer records has been served, not to notify the customer of the existence of the subpoena or information that has been furnished to the grand jury, under the circumstances and for the period specified and pursuant to the procedures established in section 3409 of this title.

S*ee also In re Grand Jury Proceedings,* 636 F.2d 81, 84 (5th Cir. 1981). This provision exempts disclosure pursuant to grand jury subpoena from the civil penalty sections as well as the notice provisions. 636 F.2d at 86; *see also Taylor v. Department of the Air Force,* 18 F.Supp.2d 1184, 1188 (D. Colo. 1998).

perpetrated against Wells Fargo Bank and that the bank's cooperation with federal law enforcement resulted in his successful prosecution, which suggests that his action may be motivated by nothing more than retaliatory malice.

This court has twice served a questionnaire on Smith to afford him every opportunity to state facts as to his specific customer records which were produced by Wells Fargo to Inspector Krafels, and to identify the facts which show that the records were not obtained pursuant to an express exception to the notice and customer authorization requirement. However, in each instance Plaintiff's answers are conclusory and merely reiterate the claims asserted in the complaint. In point of fact, the complaint concedes that the indictment in No. 3:07cr135-B was returned by the grand jury based on information which it obtained from Wells Fargo Bank.

Under the facts alleged in the complaint, Wells Fargo acted pursuant to § 3413(i) and, as such, was exempt from the procedural requirements of the RFPA. Plaintiff cannot state a claim under the RFPA based on the disclosures which Wells Fargo made to the grand jury in compliance with its subpoena. *See e.g. Hoffman v. Bank of America, N.A.*, 2006 WL 1360892, *7 (M.D.Fla., 2006) (holding that defendant bank cannot be liable for violating the RFPA based on disclosure made pursuant to federal grand jury subpoena under 12 U.S.C. § 3413(i)).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous and/or for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

A copy of this recommendation will be transmitted to Plaintiff.

Signed this 15th day of December, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.